BART RIVEZZI *v.* ANTHONY MARCUCIO ET AL.
(AC 18221)

O'Connell, C. J., and Sullivan and Daly, Js.

Argued June 8—officially released October 12, 1999

*Arthur R. Riccio, Jr.*, for the appellant (plaintiff).

*Thomas P. Chapman*, with whom, on the brief, was *David M. Tilles*, for the appellee (named defendant).

*Opinion*

O'CONNELL, C. J. The plaintiff, Bart Rivezzi, appeals from the judgment rendered on a general verdict in favor of the named defendant, Anthony Marcucio,[1] following a jury trial, in this negligence action. The plaintiff's sole claim on appeal is that the trial court improperly admitted into evidence a hearsay statement from a hospital record. The defendant asserts that the general verdict rule applies, precluding appellate review of the plaintiff's claims. We agree with the defendant and affirm the judgment of the trial court.

The jury reasonably could have found the following facts. The plaintiff's uncle and the defendant own adjacent farms. The boundary between the farms is marked

---

[1] Summary judgment was rendered in favor of the defendant Anthony Rivezzi, and the court directed a verdict in favor of the defendant Carmelina Marcucio. The plaintiff challenges only the judgment rendered on the jury's verdict in favor of the named defendant, Anthony Marcucio. We refer in this opinion to Anthony Marcucio as the defendant.

by a stone wall and cedar posts. On the day that he was injured, the plaintiff was riding a motorcycle, of the type commonly known as a dirt bike, on a dirt road that made a circuit around his uncle's farm. As he passed near the boundary separating his uncle's and the defendant's farms, he struck a large rock and was thrown from his bike causing his injuries. The plaintiff claims that while the defendant was clearing his farm he pushed the rock over the boundary and into the plaintiff's bike path.

The plaintiff was taken to a hospital where a notation was made on a hospital record that he told the hospital staff that he had been riding at seventy miles per hour. This record was admitted into evidence over the plaintiff's hearsay objection.

The court instructed the jury to utilize the general verdict form for the defendant if it found either that the plaintiff had not proven that the defendant was negligent or if it found that the plaintiff was more than 50 percent negligent. The plaintiff did not object to the court's instruction and no interrogatories concerning comparative negligence were submitted. The jury returned a general verdict in favor of the defendant.

Before we address the merits of the plaintiff's claim, we must first address the defendant's assertion that the general verdict rule applies and precludes our review. "Under the general verdict rule, if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party. . . . Thus, in a case in which the general verdict rule operates, if any ground for the verdict is proper, the verdict must stand; only if every ground is improper does the verdict fall. . . . The rule rests on the policy of the conservation of judicial resources, at both the appellate and trial levels. . . . On the appellate level, the rule

relieves an appellate court from the necessity of adjudicating claims of error that may not arise from the actual source of the jury verdict that is under appellate review. . . . Therefore, the general verdict rule is a rule of appellate jurisprudence designed to further the general principle that it is the appellant's responsibility to provide a record upon which reversible error may be predicated." (Citations omitted; internal quotation marks omitted.) *Dowling* v. *Finley Associates, Inc.*, 248 Conn. 364, 371–72, 727 A.2d 1245 (1999).

Our Supreme Court has held that the general verdict rule applies to the following five situations: "(1) denial of separate counts of a complaint; (2) denial of separate defenses pleaded as such; (3) denial of separate legal theories of recovery or defense pleaded in one count or defense, as the case may be; (4) denial of a complaint and pleading of a special defense; and (5) denial of a specific defense, raised under a general denial, that had been asserted as the case was tried but that should have been specially pleaded." (Internal quotation marks omitted.) Id., 372.

This case falls squarely within the fourth category, denial of a complaint and pleading of a special defense. In his answer, the defendant denied the allegations of negligence set forth in the complaint and raised the special defense of comparative negligence. "The defendant's denial of the plaintiff's allegations of negligence and the defendant's special defense of contributory negligence constituted two separate and distinct defenses, either of which may have supported the verdict for the defendant." *Rogers* v. *Northeast Utilities*, 45 Conn. App. 23, 25, 692 A.2d 1301, cert. denied, 241 Conn. 924, 696 A.2d 1266 (1997). Because it is not evident whether the general verdict reached by the jury was based on a finding of a lack of negligence on the defendant's part or on a finding that the plaintiff was more than 50 percent negligent, the general verdict rule must be

applied. *Curry* v. *Burns*, 225 Conn. 782, 788, 626 A.2d 719 (1993); *O'Brikis* v. *Supermarkets General Corp.*, 34 Conn. App. 148, 152, 640 A.2d 165 (1994).

If a party wants to avoid the consequences of the general verdict rule, it may obtain the specific grounds for the verdict by submitting interrogatories to the jury. Without interrogatories, we cannot determine whether the jury found for the defendant because it found that the defendant was not negligent in causing the plaintiff's injury or because the plaintiff was more than 50 percent negligent. *Small* v. *Stop & Shop Cos.*, 42 Conn. App. 660, 662, 680 A.2d 344 (1996). The rule requires that we presume that the jury found for the defendant on all of the issues, including the defendant's denial of negligence. Because the plaintiff's hearsay challenge goes to testimony relevant only to the plaintiff's comparative negligence, we presume that the jury based its determination on a finding that the defendant was not negligent, which finding is not challenged on appeal. The general verdict, therefore, will not be disturbed, and the plaintiff's claims of error relating to the improperly admitted evidence need not be reviewed.

The judgment is affirmed.

In this opinion the other judges concurred.