[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By motion filed on September 20, 1999, the defendant, the Allstate Insurance Company (Allstate), moves for summary judgment pursuant to Practice Book § 17-49. The plaintiff, Joshua CT Page 15893 Hackett, filed an objection to the motion for summary judgment on September 24, 1999.
Hackett filed a complaint against Allstate on October 6, 1998. He alleges that on September 25, 1996, he was driving in an easterly direction on Route 44 in Winsted, Connecticut. Mary Tomlinson was driving in a westerly direction on the same road. Hackett alleges that her vehicle struck the rear of a vehicle in front of her, and that vehicle was forced into Hackett's lane and collided with Hackett. He alleges that Mary Tomlinson's negligent operation of her vehicle caused him to suffer multiple injuries.
Hackett further alleges that he has exhausted the bodily injury liability policy limits of Mary Tomlinson with the New London County Mutual Insurance Company in the amount of $17,453.82, but that amount does not fully compensate him for his injuries. Tomlinson's automobile insurance policy had a single bodily injury limit of $50,000, which was divided into three figures: $17,453.82 for Hackett, $17,453.82 for Donald Travaglin, a passenger in Hackett's vehicle, and $15,092.36 for property damage. Hackett alleges that he had uninsured/underinsured motorist coverage with Allstate, and that he made a claim for underinsured motorist's benefits after his accident, but Allstate has refused to make payments to him.
Allstate maintains that Hackett received the maximum amount allowed under the tortfeasor's policy of $50,000 and that he cannot make a claim under his $20,000 per person/$40,000 per accident uninsured/underinsured policy. Although Hackett argues in response that the court should consider the amount actually received from the tortfeasor rather than the allowable limits, the clear language of the statutory and case law states otherwise. See American Motorists Ins. Co. v. Gould,213 Conn. 625, 633, 569 A.2d 1105 (1990), overruled in part on other grounds, Covenant Ins. Co. v. Coon, 220 Conn. 30, 37,594 A.2d 977 (1991).
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party."Orkney v. Hanover Insurance Co., 248 Conn. 195, 201 (1999); see Practice Book § 17-49. "The party seeking summary judgment CT Page 15894 has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted.) Dowling v. FinleyAssociates, Inc., 248 Conn. 364, 370 (1999).
General Statutes § 38a-336(e) defines an underinsured vehicle as "a motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which claim is made under subsection (b) of this section." In D'Arcangelo v. HartfordCasualty Ins. Co., 44 Conn. App. 377, cert. denied, 240 Conn. 925
(1997), the Court found that § 38a-336(e) should be interpreted to conclude that the total of the per person limit is the amount of uninsured insurance available to the claimant. 44 Conn. App. At 380-381. In D'Arcangelo there were multiple claimants, as there were here, and the Court held that despite the multiple claimants the limits available to the plaintiff were the per person uninsured coverage and not the per occurrence coverage. In so holding, the court noted:
 Courts construing statutes that compare uninsured motorist coverage limits with tortfeasor liability limits have generally held that the legislative objective was simply to give an insured who is injured in an accident the same resource he would have had if the tortfeasor had carried liability insurance equal to the amount of the insured's uninsured motorist coverage. Where an underinsured motor vehicle is statutorily defined as an insured motor vehicle with applicable liability limits less in amount than the injured person's uninsured motorist's limits, it is clear that the underinsured motorist coverage is not applicable if the insured person's uninsured motorist limits are equal to, or less than, the tortfeasor's liability limits. . . . Where the insurance policy is a split limit policy, the total of the per person limit is the amount of liability insurance available to the claimant."
(Citations omitted.) Id. 379; see Covenant Ins. Co. v. Coon,220 Conn. 30, 34 (1991). CT Page 15895
Mary Tomlinson, the alleged tortfeasor, had a single limit policy of $50,000. In comparing that amount with the $20,000 of uninsured/underinsured motorist coverage of Hackett's policy, the court finds the alleged tortfeasor's policy exceeded Hackett's, and therefore, Tomlinson's vehicle was not underinsured. There is no genuine issue of material fact. Accordingly, Allstate's motion for summary judgment is granted.
DIPENTIMA, J.