DIANE L. D'ALESANDRO *v.* DAVID E.
CLARE, JR., ET AL.
(AC 21922)

Foti, Mihalakos and Dranginis, Js.

---

[9] The defendant's white 1997 Toyota Camry had tinted windows.

Argued September 24—officially released December 17, 2002

*Samuel B. Feldman,* for the appellant (plaintiff).

*Anita M. Varunes,* for the appellee (named defendant).

Opinion

DRANGINIS, J. In this personal injury action, the plaintiff, Diane L. D'Alesandro, appeals following the trial court's denial of her motion to set aside the jury verdict in favor of the defendant David E. Clare, Jr.[1]

[1] The plaintiff commenced her action against Allstate Insurance Company and David E. Clare, Jr. The court rendered summary judgment in favor of Allstate Insurance Company. Consequently, for the purpose of this appeal, Clare is the only remaining defendant, and we refer to him as the defendant in this opinion.

On appeal, the plaintiff claims that she is entitled to a new trial because (1) the verdict was against the weight of the evidence, (2) the verdict was the result of the jury's misapplication of the law and (3) in its charge to the jury, the court improperly referred to the testifying police officer as an expert. The defendant asserts that the general verdict rule applies, precluding appellate review of the plaintiff's first two claims. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On November 17, 1995, at approximately 5:20 a.m., the defendant was operating his motor vehicle along East High Street in East Hampton when he struck the plaintiff. As a result of the collision, the plaintiff suffered injuries to her left foot and leg. The defendant testified that at the time of the accident, he was traveling eastbound on East High Street at approximately forty to forty-five miles per hour when he saw the plaintiff in the middle of the road. He further testified that he immediately applied the brakes and swerved to the left, but nevertheless struck the plaintiff with the right front of his automobile. Sergeant Michael Fitzpatrick of the East Hampton police department subsequently arrived and conducted an investigation.

The plaintiff brought a one count complaint against the defendant on the theory of negligent operation of a motor vehicle. The defendant denied the plaintiff's allegation of negligence and asserted as a special defense that the plaintiff's comparative negligence and carelessness contributed to her injuries. No interrogatories were submitted to the jury.

During direct examination, defense counsel asked Fitzpatrick to refresh his memory of the interviews he conducted with the plaintiff and the defendant following the accident from the police report that he had prepared contemporaneously with his investigation.

Fitzpatrick then testified that the defendant stated that "he was traveling eastbound on Route 66 in a . . . posted forty-five mile an hour zone and a pedestrian ran into the path of his vehicle. He swerved left to avoid striking the [plaintiff], and he struck . . . the left ankle of the [plaintiff]." Fitzpatrick also testified that the plaintiff told him that "she was running across to check her mailbox . . . to get her mail and, then, running back across the street." The jury returned a general verdict in favor of the defendant, and the court denied the plaintiff's subsequent motion to set aside the verdict. This appeal followed.

Before we examine the merits of the plaintiff's claim, we must first address the defendant's assertion that the general verdict rule applies and precludes our review. "Under the general verdict rule, if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party. . . . Thus, in a case in which the general verdict rule operates, if any ground for the verdict is proper, the verdict must stand; only if every ground is improper does the verdict fall. . . . The rule rests on the policy of the conservation of judicial resources, at both the appellate and trial levels. . . . On the appellate level, the rule relieves an appellate court from the necessity of adjudicating claims of error that may not arise from the actual source of the jury verdict that is under appellate review. . . . Therefore, the general verdict rule is a rule of appellate jurisprudence designed to further the general principle that it is the appellant's responsibility to provide a record upon which reversible error may be predicated. . . .

"Our Supreme Court has held that the general verdict rule applies to the following five situations: (1) denial of separate counts of a complaint; (2) denial of separate defenses pleaded as such; (3) denial of separate legal

theories of recovery or defense pleaded in one count or defense, as the case may be; (4) denial of a complaint and pleading of a special defense; and (5) denial of a specific defense, raised under a general denial, that had been asserted as the case was tried but that should have been specially pleaded." (Citation omitted; internal quotation marks omitted.) *Rivezzi* v. *Marcucio*, 55 Conn. App. 309, 311–12, 738 A.2d 731 (1999). The present case falls under the fourth category, denial of a complaint and the pleading of a special defense.

In his answer, the defendant denied the plaintiff's allegation of negligence as set forth in the complaint and raised the special defense of comparative negligence, either of which could have been the basis for the jury's verdict because no interrogatories were submitted to the jury. Without interrogatories, we are not able to determine whether the jury found for the defendant because the plaintiff failed to prove the allegations of her complaint or because the defendant prevailed on his special defense. "We, therefore, presume that the jury found every issue in favor of the prevailing party . . . and apply the general verdict rule." (Citation omitted; internal quotation marks omitted.) *Mazuroski* v. *Hernovich*, 42 Conn. App. 574, 578, 680 A.2d 1007, cert. denied, 239 Conn. 922, 682 A.2d 1003 (1996). Applying the general verdict rule to this case precludes our review of the plaintiff's first two claims, which relate only to the jury's finding that the defendant was not negligent. Those claims do not undermine the presumed finding of comparative negligence.

We turn now to the plaintiff's third claim that the court improperly referred to the testifying police officer as an expert in its jury instructions. We disagree.

Our standard of review for claims of instructional error is well established. "[J]ury instructions must be read as a whole and . . . are not to be judged in artifi-

cial isolation from the overall charge. . . . The whole charge must be considered from the standpoint of its effect on the jurors in guiding them to a proper verdict . . . and not critically dissected in a microscopic search for possible error. . . . Our standard of review on this claim is whether it is reasonably probable that the jury was misled. . . . The test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . Therefore, jury instructions need not be exhaustive, perfect, or technically accurate. Nonetheless, the trial court must correctly adapt the law to the case in question and must provide the jury with sufficient guidance in reaching a correct verdict." (Citation omitted; internal quotation marks omitted.) *Macy* v. *Lucas*, 72 Conn. App. 142, 156, 804 A.2d 971, cert. denied, 262 Conn. 905, 810 A.2d 272 (2002).

The plaintiff challenges the court's statement in its instructions to the jury that "the police officer testified as an expert." She argues that that portion of the instruction misled the jury to believe that the officer's testimony should be given greater weight. Because we review the jury charge in its entirety, we do not agree that the court's single comment misled the jury or prejudiced the defendant. Fitzpatrick never was disclosed as an expert witness pursuant to Practice Book § 13-4, nor was there anything expert about his testimony. Furthermore, he did not testify as to his opinion on the ultimate issues of fact of whether the defendant or the plaintiff was negligent. Instead, Fitzpatrick testified as to his personal observations of the accident area, the identity of the parties and the statements they made at the accident scene. Moreover, in its charge, the court adequately informed the jury that it was free to reject all or part of a witness' testimony. The court also

instructed the jury that it should "evaluate the weight of an expert witness just as [it] would any other witness." Accordingly, after a thorough review of the entire instruction, there is no reasonable probability, given the circumstances here, that in returning its verdict, the jury was misled by the court's instructions.

The judgment is affirmed.

In this opinion the other judges concurred.