## SANDRA HARRIS *v.* UNITED TECHNOLOGIES CORPORATION
### (AC 22692)

Lavery, C. J., and Foti and West, Js.

Argued February 25—officially released April 29, 2003

*Ian Angus Cole*, for the appellant (plaintiff).

*Elizabeth M. Buckmir*, for the appellee (defendant).

*Opinion*

WEST, J. In this action for personal injuries allegedly sustained during a slip and fall in an icy parking lot, we must determine whether the general verdict rule precludes our review of the plaintiff's claim that the trial court improperly instructed the jury. We conclude that, due to the general verdict rule, we cannot determine whether the jury found that the plaintiff, Sandra Harris, failed to prove her case or that the defendant, United Technologies Corporation, prevailed on its special defense, and we decline to review the plaintiff's claim of an improper jury instruction. We therefore affirm the judgment of the trial court.

The following facts are relevant to our decision. At the time of the events that gave rise to this appeal, the plaintiff was employed by the Unites States Department of Defense as an industrial specialist at the Sikorsky helicopter plant (Sikorsky) in Stratford, which is owned by the defendant. On January 11, 1995, and until 1 a.m. on January 12, 1995, a wintry mix of precipitation fell. At 8 a.m. on January 12, 1995, when the plaintiff arrived at the parking lot designated for federal employees at Sikorsky, the parking lot was covered with ice. National

Weather Service records indicate that at Sikorsky Memorial Airport, which is six miles to the south of Sikorsky, there was more wintry precipitation that fell between 6 and 7 a.m. and 10 and 11 a.m. on January 12, 1995. At 11:30 a.m. that day, the plaintiff left the building to go to lunch. She fell while attempting to get into her motor vehicle.

The plaintiff subsequently commenced a personal injury action against the defendant, seeking damages for the injuries she allegedly sustained as a result of her fall. She alleged that the defendant was negligent in failing to plow or to sand or otherwise to remove the accumulations of snow and ice from the federal employees' parking lot. In responding to the complaint, the defendant alleged that if the plaintiff had sustained any injuries and damages, as alleged, they were proximately caused by her carelessness and negligence. The plaintiff denied the allegations of the defendant's special defense.

The case was tried to the jury, which returned a verdict in favor of the defendant. No interrogatories were submitted to the jury to explain its verdict. The plaintiff filed a motion to set aside the verdict and for a new trial, claiming that the court improperly had charged the jury. The court denied the motion, and the plaintiff appealed. According to the briefs of the parties, the sole issue on appeal is whether the court properly charged the jury. We asked the parties, sua sponte, to file supplemental briefs as to whether the general verdict rule applies to this case and precludes appellate review of the plaintiff's claim.

"Under the general verdict rule, if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party. . . . Thus, in a case in which the general verdict

rule operates, if any ground for the verdict is proper, the verdict must stand; only if every ground is improper does the verdict fall. . . . The rule rests on the policy of the conservation of judicial resources, at both the appellate and trial levels. . . . On the appellate level, the rule relieves an appellate court from the necessity of adjudicating claims of error that may not arise from the actual source of the jury verdict that is under appellate review. . . . Therefore, the general verdict rule is a rule of appellate jurisprudence designed to further the general principle that it is the appellant's responsibility to provide a record upon which reversible error may be predicated. . . .

"Our Supreme Court has held that the general verdict rule applies to the following five situations: (1) denial of separate counts of a complaint; (2) denial of separate defenses pleaded as such; (3) denial of separate legal theories of recovery or defense pleaded in one count or defense, as the case may be; (4) *denial of a complaint and pleading of a special defense*; and (5) denial of a specific defense, raised under a general denial, that had been asserted as the case was tried but that should have been specially pleaded." (Emphasis added; internal quotation marks omitted.) *D'Alesandro* v. *Clare*, 74 Conn. App. 177, 180–81, 812 A.2d 76 (2002).

The court's conclusion in *D'Alesandro*, another personal injury action, applies equally to the matter before us. "In [its] answer, the defendant denied the plaintiff's allegation of negligence as set forth in the complaint and raised the special defense of comparative negligence, either of which could have been the basis for the jury's verdict because no interrogatories were submitted to the jury. Without interrogatories, we are not able to determine whether the jury found for the defendant because the plaintiff failed to prove the allegations of her complaint or because the defendant prevailed on [its] special defense. We, therefore, presume that the

jury found every issue in favor of the prevailing party . . . and apply the general verdict rule. . . . Applying the general verdict rule to this case precludes our review of the plaintiff's [claim], which relate[s] only to the jury's finding that the defendant was not negligent. [That claim does] not undermine the presumed finding of comparative negligence." (Citation omitted; internal quotation marks omitted.) Id., 181.

The plaintiff's claim with respect to an improper jury instruction concerns the defendant's duty to remove snow and ice during ongoing and intermittent precipitation. As such, the instruction was directed to the allegations of the defendant's negligence contained in the complaint. It was not related to the defendant's special defense that the plaintiff was comparatively negligent. Because there were no interrogatories submitted to the jury, we do not know whether the jury found that the defendant was negligent or that the plaintiff was comparatively negligent. If the jury found that the plaintiff was comparatively negligent, its verdict was untainted by the plaintiff's claim of an allegedly improper jury instruction.

The judgment is affirmed.

In this opinion the other judges concurred.