JOHN MORALES, ADMINISTRATOR (ESTATE OF
ROBERT MORALES) *v.* SEAN MOORE ET AL.
(AC 24286)

Lavery, C. J., and DiPentima and McLachlan, Js.

Argued June 3—officially released September 21, 2004

*Norman A. Pattis,* for the appellant (plaintiff).

*Elliot B. Spector*, with whom, on the brief, were *Nicole D. Dorman* and *Marcia J. Gleeson*, for the appellees (named defendant et al.).

*Opinion*

McLACHLAN, J. In this wrongful death action, the plaintiff, John Morales, administrator of the estate of Robert Morales, appeals from the judgment of the trial court, rendered after a jury trial, in favor of the defendants, Sean Moore and the city of Milford.[1] The sole question presented is whether the court improperly denied the plaintiff's request for a jury charge on the sudden emergency doctrine.

On February 22, 1996, Officer Sean Moore of the Milford police department responded to a dispute at 50 Locust Street. Upon arrival, Moore was confronted outside by Robert Morales, and an altercation quickly ensued. When Morales approached Moore with a knife in hand, Moore fired three gunshots. Morales died shortly thereafter.[2]

The plaintiff subsequently commenced the present wrongful death litigation. A jury trial began on April 30, 2003. At the close of evidence, the plaintiff did not submit any jury interrogatories. The plaintiff requested a jury charge predicated on the sudden emergency doctrine, which the court denied. The court instructed the jury on the plaintiff's negligence, assault and battery claims, as well as the defendants' special defenses of

---

[1] The action against Dale Demirjian, Nicholas Ricci and Thomas Flaherty, who also were named as defendants, was withdrawn. We therefore refer in this opinion to Moore and the city of Milford as the defendants.

[2] At oral argument, the plaintiff's counsel stated that "this might be the easiest brief I ever wrote." The plaintiff's brief, however, is punctuated by numerous grammatical and typographical errors that make it difficult, at times, to discern parts of the plaintiff's argument. For example, Moore, in a span of four pages, is referred to as "Officer Moore," "Mr. Moore," "Ms. Moore," "Mr. Morales" and "Officer Morales." We encourage counsel to review their briefs before submission to this court.

contributory negligence, recklessness, privileged use of force and governmental immunity. On May 9, 2003, the jury returned a general verdict in favor of the defendants, and the court rendered judgment accordingly. This appeal followed. Following oral argument on the matter, this court ordered the parties to submit supplemental briefs on whether the general verdict rule applies to this appeal.

We consider first the question of whether the general verdict rule is applicable. "[T]he general verdict rule is a rule of appellate jurisprudence designed to further the general principle that it is the appellant's responsibility to provide a record upon which reversible error may be predicated." (Internal quotation marks omitted.) *Dowling* v. *Finley Associates, Inc.*, 248 Conn. 364, 372, 727 A.2d 1245 (1999). "Under the general verdict rule, if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party. . . . Thus, in a case in which the general verdict rule operates, if any ground for the verdict is proper, the verdict must stand; only if every ground is improper does the verdict fall." (Internal quotation marks omitted.) Id., 371. "A party desiring to avoid the effects of the general verdict rule may elicit the specific grounds for the verdict by submitting interrogatories to the jury. Alternatively, if the action is in separate counts, a party may seek separate verdicts on each of the counts." (Internal quotation marks omitted.) *Curry* v. *Burns*, 225 Conn. 782, 786, 626 A.2d 719 (1993).

In the present case, the defendants' answer denied the plaintiff's allegation of negligence as set forth in the complaint. The defendants also alleged that Robert Morales' negligence was the proximate cause of his death.[3] "The defendants' denial of negligence and their

---

[3] The defendants also maintained affirmative defenses of privileged use of force and governmental immunity.

allegation of contributory negligence constitute two separate and distinct defenses, either one of which could support the jury's general verdict." *Stone* v. *Bastarache*, 188 Conn. 201, 205, 449 A.2d 142 (1982).

We repeatedly have held that when a plaintiff's claim "alleges a defect in the instruction that relates only to the theory of negligence, leaving the contributory negligence route untainted," the general verdict rule applies. *Sandow* v. *Eckstein*, 67 Conn. App. 243, 248, 786 A.2d 1223 (2001), cert. denied, 259 Conn. 919, 791 A.2d 566 (2002); see also *Stone* v. *Bastarache*, supra, 188 Conn. 205; *Harris* v. *United Technologies Corp.*, 76 Conn. App. 421, 424–25, 819 A.2d 895, cert. denied, 264 Conn. 910, 826 A.2d 180 (2003); *D'Alesandro* v. *Clare*, 74 Conn. App. 177, 181, 812 A.2d 76 (2002). The plaintiff did not submit interrogatories to the jury, which returned a general verdict in favor of the defendants. Without interrogatories, we are not able to determine whether the jury found for the defendants because the plaintiff failed to prove the allegations of the complaint or because the defendants prevailed on their special defense. See *D'Alesandro* v. *Clare*, supra, 181. We therefore must presume that the jury found every issue in favor of the defendants. See *Dowling* v. *Finley Associates, Inc.*, supra, 248 Conn. 371.

Application of the general verdict rule precludes our review of the plaintiff's claim concerning the request for a jury charge on the sudden emergency doctrine. As the plaintiff's claim relates only to the jury's finding that the defendants were not negligent, that claim does not undermine the presumed finding of comparative negligence.

The judgment is affirmed.

In this opinion the other judges concurred.