WILLIAM M. SEGALE *v.* BETTE BONII Y.
O'CONNOR ET AL.
(AC 25087)

Bishop, DiPentima and Foti, Js.

Argued June 6—officially released September 27, 2005

*William F. Gallagher*, with whom, on the brief, were *David McCarry* and *Mark A. Balaban*, for the appellant (substitute plaintiff).

*Julia B. Morris*, for the appellee (named defendant).

*Donald P. Guerrini* filed a brief for the appellee (defendant American Home Assurance Company).

*Opinion*

DiPENTIMA, J. The substitute plaintiff, James R. McDermott, administrator of the estate of the original

plaintiff, William M. Segale,[1] appeals from the judgment of the trial court, rendered after a jury trial, in favor of the defendants, Bette Bonii Y. O'Connor and American Home Assurance Company (American). The plaintiff claims that the court abused its discretion in (1) admitting into evidence the full text of a statement made by Segale prior to his death and (2) excluding as hearsay the testimony of a witness. We affirm the judgment of the trial court.

This case originates at the intersection of Lebanon Avenue and Hammond Court in Colchester, where Segale was walking in the late afternoon of November 20, 2001. On that date, Segale was eighty-three years old and walked with the assistance of a cane. As he approached Lebanon Avenue, he was carrying a cup of coffee. The complaint alleged that while crossing Lebanon Avenue, Segale was struck by a vehicle operated by O'Connor, breaking his ankle.[2] The defendants painted a different portrait at trial, contending that Segale broke his ankle by simply falling down while crossing the street and that no vehicle ever touched him.

On December 3, 2003, the jury returned a verdict in favor of the defendants on all counts, and the court rendered judgment accordingly. The plaintiff filed a motion to set aside the verdict, which the court denied. From that judgment, the plaintiff appeals. Additional facts will be set forth as necessary.

[1] Following the commencement of the present litigation, Segale died. The court subsequently granted a motion to substitute the administrator as plaintiff. In this opinion, we refer to the substitute plaintiff as the plaintiff and to the original plaintiff as Segale.

[2] The plaintiff's amended complaint consisted of four counts. Counts one and two concerned O'Connor, alleging negligence and operation of a motor vehicle with reckless disregard. Counts three and four pertained to American, with whom Segale had an insurance policy on the date of the accident. Those counts addressed the uninsured-underinsured motorists benefits of Segale's policy, with count three alleging injuries resulting from the negligence of O'Connor and count four alleging injuries resulting from a hit and run driver.

The plaintiff's claims on appeal both concern evidentiary rulings of the court. "[T]he trial court has broad discretion in ruling on the admissibility . . . of evidence. . . . The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . Moreover, evidentiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice." (Internal quotation marks omitted.) *State* v. *Gonzalez*, 272 Conn. 515, 542, 864 A.2d 847 (2005). An abuse of discretion leading to reversal is rare. *Sweeney* v. *Sweeney*, 271 Conn. 193, 212, 856 A.2d 997 (2004).

I

The plaintiff first claims that the court abused its discretion in admitting the full text of a statement made by Segale prior to his death. The following facts are pertinent to that claim. On March 4, 2002, Paula Calo, a representative of American, took a recorded statement from Segale, which was transcribed on March 13, 2002. The statement was not signed by Segale or Calo. In the statement, Segale described his recollection of the November 20, 2001 incident. He also stated that he was issued a warning by the police for jaywalking.

At trial, the plaintiff sought to introduce a redacted copy of the statement, eliminating the reference to jaywalking, which prompted an objection by the defendants. A discussion ensued concerning its admission. The court concluded that the statement was inadmissible, noting that "there's no basis to let it in. There's no verification as to who took it. . . . [I]t can't come in." Counsel for the plaintiff replied: "Fine, Your Honor. Then I'll agree to let the whole statement come in. I'll

let it all go." Defense counsel likewise agreed, stating that "[w]e have no objection to him entering the entire document in if he so chooses. If he doesn't want the document admitted, then that's his choice." Counsel for the plaintiff responded: "[G]iven that choice, Your Honor, I'll allow it to all come in." After confirming that the entire statement was being introduced, the court permitted it to be marked as a full exhibit.

On appeal, the plaintiff challenges the propriety of the court's ruling.[3] His claim merits little discussion. "Waiver is an intentional relinquishment or abandonment of a known right or privilege. . . . It involves the idea of assent, and assent is an act of understanding. . . . The rule is applicable that no one shall be permitted to deny that he intended the natural consequences of his acts and conduct. . . . In order to waive a claim of law it is not necessary . . . that a party be certain of the correctness of the claim and its legal efficacy. It is enough if he knows of the existence of the claim and of its reasonably possible efficacy." (Citations omitted; internal quotation marks omitted.) *Gagne* v. *Vaccaro*, 80 Conn. App. 436, 445–46, 835 A.2d 491 (2003), cert. denied, 268 Conn. 920, 846 A.2d 881 (2004). The claim now pursued on appeal was expressly waived at trial. As such, there is no basis for us to conclude that the court abused its discretion.

II

The plaintiff next claims that the court abused its discretion in excluding as hearsay the testimony of

[3] In his brief, the plaintiff claims that Segale's statement was admissible as either a business entry pursuant to General Statutes § 52-180 or pursuant to the dead man's statute, General Statutes § 52-172. When the defendants objected to the admission of Segale's statement at trial, however, the plaintiff raised neither claim before the court. Although the plaintiff at oral argument contended that Segale's statement was offered as a business entry, the record and transcripts before us reveal no such offer. Our Supreme Court has stated that "[a]ssigning error to a court's evidentiary rulings on the basis of objections never raised at trial unfairly subjects the court and the opposing

T. Allen Palmer, a witness to the incident. During voir dire, Palmer testified that a woman at the scene of the November 20, 2001 incident stated, "I didn't hit him, did I?" Palmer could not, however, identify the declarant of that statement. Accordingly, the court sustained the defendants' objection as hearsay. The plaintiff does not dispute that the statement constitutes hearsay. Rather, he contends that various exceptions to the hearsay rule apply. We need not consider those exceptions, however, because his claim implicates the general verdict rule.[4]

"[T]he general verdict rule is a rule of appellate jurisprudence designed to further the general principle that it is the appellant's responsibility to provide a record upon which reversible error may be predicated." (Internal quotation marks omitted.) *Dowling* v. *Finley Associates, Inc.*, 248 Conn. 364, 372, 727 A.2d 1245 (1999). "Under the general verdict rule, if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party. . . . Thus, in a case in which the general verdict rule operates, if any ground for the verdict is proper, the verdict must stand; only if every ground is improper does the verdict fall." (Internal quotation marks omitted.) Id., 371; see also *U.B. Vehicle Leasing, Inc.* v. *Davis*, 90 Conn. App. 206, 212, 876 A.2d 1222 (2005). "A party desiring to avoid the effects of the general verdict rule may elicit the specific grounds for the verdict by submitting interrogatories to the jury. Alternatively, if the action is in separate counts, a party may seek separate verdicts on each of the counts." (Internal quotation marks omitted.) *Curry* v. *Burns*, 225 Conn. 782, 786, 626 A.2d 719 (1993).

---

party to trial by ambush." *State* v. *Bush*, 249 Conn. 423, 428, 735 A.2d 778 (1999).

[4] Prior to oral argument, this court ordered the parties to submit supplemental briefs on whether the general verdict rule applies to that claim.

In the present case, the defendants' answer denied the plaintiff's allegation of negligence as set forth in the complaint. The defendants also alleged that Segale's negligence was the cause of his injuries. The defendants' denial of negligence and their special defense of contributory negligence constitute two separate and distinct defenses, either one of which could support the jury's general verdict. See *Stone* v. *Bastarache*, 188 Conn. 201, 205, 449 A.2d 142 (1982). The plaintiff did not submit interrogatories to the jury, which returned a general verdict in favor of the defendants. Without interrogatories, we are not able to determine whether the jury found in favor of the defendants because the plaintiff failed to prove the allegations of the complaint or because the defendants prevailed on their special defense. See *D'Alesandro* v. *Clare*, 74 Conn. App. 177, 181, 812 A.2d 76 (2002). Moreover, the plaintiff did not seek separate verdicts on each of the counts. We therefore must presume that the jury found every issue in favor of the defendants. See *Dowling* v. *Finley Associates, Inc.*, supra, 248 Conn. 371. Application of the general verdict rule precludes our review of the plaintiff's claim concerning the exclusion of Palmer's statement as hearsay. The plaintiff's claim relates only to the jury's finding that O'Connor was not negligent and not to the presumed finding of comparative negligence.[5]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] By contrast, the plaintiff's claim concerning Segale's statement, discussed in part I, implicates both the defendants' denial of negligence and their allegation of comparative negligence in light of that statement's discussion of jaywalking.