[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court on defendant's motion to strike the plaintiff's complaint.
On February 19, 1999, the plaintiff, Donna Kroll, filed a one count complaint against the defendant, Kenneth Steere, Zoning Official for the Groton Long Point Association, arising out of the alleged selective enforcement of zoning regulations. The plaintiff alleges that she was issued a "cease and desist order" by the defendant, which order violated her freedom of speech rights under the First Amendment to the United States Constitution. The plaintiff further alleges that the defendant's selective enforcement of the law violated her Due Process rights under the Fourteenth Amendment to the United States Constitution and under 42 U.S.C. § 1983.
On April 19, 1999, the defendant filed a motion to strike the plaintiff's complaint on the ground that it is legally insufficient under the doctrines of res judicata and collateral estoppel. The defendant also filed a memorandum of law in support. On April 4, 1999, the plaintiff filed an objection to the defendant's motion to strike and a memorandum in support. The defendant filed a reply to the plaintiff's objection on April 19, 1999.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to CT Page 10979 state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael. Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). The court "must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Id. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autori, 236 Conn. 820, 825,676 A.2d 357 (1996).
The plaintiff alleges in her complaint that on or about July 5, 1997, the Groton Long Point Association voted to amend a zoning ordinance which permitted the use of shotguns loaded with slugs in order to kill approximately ten deer roaming in the Groton Long Point area. The plaintiff, a resident of Groton Long Point, placed a twenty square foot mural in her yard, depicting two deer in a marsh setting with the caption, "Who Asked The Deer?." The defendant then allegedly ordered the plaintiff to "cease and desist" from displaying the mural on her property because the mural was in violation of Ordinance 3.20 of the Groton Long Point Zoning Regulations. Ordinance 3.20 provides that "[o]nly one sign of not over one (1) square foot in area may be displayed on any building in any district, except as provided in Sections 4.1.6 and 5.3.1 [of the regulations]. . . ." Sections 4.1.6 and 5.3.1 do not apply to this case.
The plaintiff further alleges in her complaint that on or about November 4, 1997, the plaintiff's attorney sent a letter to the defendant in which he identified nearly thirty other existing violations of Ordinance 3.20 in the Groton Long Point area. The defendant allegedly responded by sending twenty-eight letters to home owners, advising them of the ordinance violations on their property. The plaintiff alleges the defendant selectively enforced the zoning regulations because no other enforcement actions were taken against the other home owners violating the ordinance and certain members of the community were permitted to retain signs on their property despite the fact that they were in violation of the ordinance.
In response, the plaintiff filed a complaint on January 6, 1998 against the defendant, Kenneth Steere, alleging that the issuance of the "cease and desist order" violated herFirst Amendment rights of freedom of speech. See KrolI v. Steere, Superior Court, judicial district of New London at New London, CT Page 10980 Docket No. 545009 (December 18, 1998, Mihalakos, J.). The plaintiff further alleged that the defendant deprived her of equal protection of the laws through selective enforcement of ordinance 3.20, in violation of 42 U.S.C. § 1983. This court granted the defendant's motion for summary judgment and entered final judgment on the merits on December 18, 1998. See id. The plaintiff has appealed that judgment to the Appellate Court, and the suit is pending. Nonetheless, the plaintiff filed the present action on February 19, 1999, naming the same party as defendant and raising the identical facts and issues. Thus, the defendant moves to strike the plaintiff's complaint on the ground that it is legally insufficient under the doctrines of res judicata and collateral estoppel.
 Res Judicata
"Under the doctrine of res judicata, a final judgment, when rendered on the merits, is an absolute bar to a subsequent action, between the same parties or those in privity with them, upon the same claim. . . ." (Citation omitted; internal quotation marks omitted.) Dowling v. Finley Associates, Inc.,248 Conn. 364, 373, ___ A.2d (1999). "A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose. . . . The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." (Internal quotation marks omitted.) Krondes v. NorwalkSavings Society, 53 Conn. App. 102, 119, ___ A.2d ___ (1999).
Res judicata prohibits the plaintiff from bringing the present action because final judgment was rendered on the merits between the exact same parties. See Kroll v. Steere, supra, Superior Court, Docket No. 545009. In that case, this court addressed the plaintiff's claims of First Amendment, equal protection under the Fourteenth Amendment and § 1983 violations allegedly committed by the defendant. In the present case, the plaintiff is attempting to raise virtually the identical issues of First Amendment, Fourteenth Amendment and § 1983 violations. The plaintiff contends, however, that there are different parties involved in the present case. The plaintiff states that in the prior action, she sued the defendant, Kenneth Steere, in his individual capacity. The plaintiff argues that although she filed a Motion to Substitute a Party when the defendant contended he could only be sued in his official capacity under § 1983, the CT Page 10981 court did not act upon this motion. The plaintiff, therefore, contends that since her prior action was against the defendant in his individual capacity, the doctrine of res judicata does not bar the plaintiff from now pursuing the defendant in his official capacity. The defendant, however, argues that the court in the prior action premised its decision on the fact that the actions taken by the defendant were in his official capacity as the Zoning Officer.
"Where . . . doubt may exist as to whether an official is sued personally, in his official capacity or in both capacities, the course of proceedings ordinarily resolves the nature of the liability sought to be imposed." Rodriguez v. Phillips,66 F.3d 470, 482 (2d Cir. 1995), citing Kentucky v. Graham, 473 U.S. 159,167 n. 14, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985). In order to determine whether a state official is sued in his official or personal capacity, reference should be made to the "capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury." Hafer v. Melo,502 U.S. 21, 112 S.Ct. 358, 362, 116 L.Ed.2d 301 (1991); see alsoPresnick v. Goldberg, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 000085 (April 29, 1993,Curran, J.) (8 C.S.C.R. 608). Because this court treated the prior litigation as against the defendant in his official capacity, res judicata bars the present action, since there is a final judgment on the merits between the same parties.
Although the summons and the heading of the plaintiff's Amended Complaint in the prior action listed the defendant as "Kenneth W. Steere," the plaintiff's complaint referred to the defendant in his official capacity. Count One of the plaintiff's Amended Complaint in the prior action stated, "[t]he Defendant is the duly appointed Zoning Enforcement Officer for the Groton Long Point Association, Incorporated of Groton Long Point, Connecticut." The plaintiff further alleged in Count One of the prior action that "[t]he enforcement action of the Defendant, acting under the color of law through his official position with the Groton Long Point Association, was arbitrary and capricious an in violation of the Plaintiff's rights. . . ." Moreover, this court treated the prior action as against "the defendant, Groton Long Point Zoning Officer, Kenneth Steere," when it granted the defendant's motion for summary judgment. See KrolI v. Steere, supra, Superior Court, Docket No. 545009. As such, the doctrine of res judicata prohibits the plaintiff from pursuing this action further. CT Page 10982
 Collateral Estoopel
"Collateral estoppel . . . is capable of precluding a party from relitigating only issues and facts that actually and necessarily were determined in an earlier proceeding." Nancy G.v. Dept. of Children Families, 248 Conn. 672, 681-82, ___A.2d ___ (1999). "For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It must also have been actually decided and the decision must have been necessary to the judgment." (Emphasis in original).Delahunty v. Massachusetts Mut. Life Ins. Co., 236 Conn. 582,600, 674 A.2d 1290 (1996). "An issue is "actually litigated' if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered."Dowling v. Finley Associates. Inc., supra, 248 Conn. 374.
The doctrine of collateral estoppel also bars the present action from going forward. In the prior action, the plaintiff raised First Amendment, Fourteenth Amendment and § 1983 claims which are virtually identical to the issues before this court. Moreover, the plaintiff expressly admits in her Objection to the Defendant's Motion to Strike that as to the prior action and the present action, "[t]he issues are the same." This is exactly the type of litigation repetition that the doctrine of collateral estoppel seeks to avoid. Accordingly, the present action is barred by the doctrines of collateral estoppel and res judicata.
Mihalakos, J.