[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT SHANLEY'S MOTION FOR SUMMARY JUDGMENT (#126)
 I. FACTUAL AND PROCEDURAL HISTORY
The plaintiffs, John L. James (James) and Homestead Petroleum Products, Inc. (Homestead), began this suit with a complaint against the defendants, Scott Shanley (Shanley), in his professional capacity as town manager and individually, and the Town of Enfield (town). The plaintiffs' fourth revised complaint dated November 20, 1998 is the operative complaint and contains four counts.
The first count alleges that the defendant town failed to pay the plaintiffs for diesel fuel that the plaintiffs sold and delivered to the town on April 10, 1996. The second count alleges that the Shanely, acting in his capacity as the town manager, published a defamatory letter against the plaintiff, Homestead. The third count alleges that Shanley, acting in his capacity as the town manager, published a defamatory letter against the plaintiff, James. The fourth count alleges that the town is charged with the duty of indemnifying Shanley.
Shanley has filed this motion for summary judgement as to counts two and three asserting that the statements were not defamatory because they were not directed to the plaintiffs, that Shanley was privileged under the doctrine of governmental immunity, that there was no publication to third parties, and in a supplemental brief, filed after oral argument at the request of the court, that the statements claimed in the letter to be defamatory, were not defamatory as a matter of law. The court agrees with the last claim for the reasons that follow, and grants summary judgment. Therefore, it is unnecessary to discuss Shanley's first three claims.
 II. STANDARD FOR SUMMARY JUDGMENT
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for CT Page 12722 summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material fact which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381 [now § 17-46]. . . ." (Citations omitted; internal quotation marks omitted.) Dowling v. Finley Associates, Inc., 248 Conn. 364,369-70, 364 A.2d 1245 (1999). "The test is whether a party is entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Serrano v. Burns, 248 Conn. 419, 424,727 A.2d 1276 (1999). "A trial court's decision to direct a verdict can be upheld only when the jury could not reasonably and legally have reached any other conclusion." (Internal quotation marks omitted.) Krondes v. Norwalk Savings Society,53 Conn. App. 102, 112, 728 A.2d 1103 (1999).
 III. DISCUSSION
Shanley and the plaintiffs submitted the alleged defamatory letter in support of their respective positions on the motion for summary judgment. Shanley's letter to James, President of Homestead, copies of which were sent to several town department heads and the town attorney, provides the factual basis for the town's conclusion that the diesel fuel sold to the town by the plaintiffs was contaminated with gasoline. The letter explains that, prior to delivery, the fuel level in the receiving 10,000 gallon tank was recorded at two inches, which represents less than 50 gallons of fuel, and that, after delivery of approximately 8,000 gallons of diesel fuel, testing results of fuel samples taken from the tank indicated a mean contamination level of 24 percent gasoline, or approximately 2000 gallons of the material in the tank. The letter then states: "The only delivery to the tank was purchased from your firm; therefore, the only conclusion that can be drawn is that gasoline contaminated the load of diesel fuel prior to delivery to the tank. Your firm is hereby ordered to remove its diesel fuel contaminated with gasoline from the Town of Enfield's diesel fuel tank. . . ." The plaintiffs' claim of defamation rests entirely on this portion of Shanley's letter.
The plaintiffs do not dispute that the fuel was contaminated. Instead, the plaintiffs allege in counts two and three of the CT Page 12723 revised complaint that Shanley's letter fairly read, states that the plaintiffs had been engaged in negligent activities concerning their fuel distribution business with respect to the town; that the plaintiffs were unprofessional and incompetent in the conduct of their fuel delivery business; and that the plaintiffs were engaged in illegal activities in the conduct of their fuel delivery business. Thus, the plaintiffs argue that the letter constitutes libel per se.
"Libel is actionable per se if it charges improper conduct or lack of skill or integrity in one's profession or business and is of such a nature that it is calculated to cause injury to one in his profession or business." Charles Parker Co. v. Silver CityCrystal Co., 142 Conn. 605, 612, 116 A.2d 440 (1955). "When a libel is expressed in clear and unambiguous terms, the question whether it is libelous per se is one of law for the court. . . . Likewise, if the alleged defamatory words could not reasonably be considered defamatory in any sense, the matter becomes an issue of law for the court." (Citations omitted.) Id. "All of the circumstances connected with the publication of defamatory charges should be considered in ascertaining whether a publication was actionable per se. The words used however, must be accorded their common and ordinary meaning, without enlargement by innuendo." Miles v. Perry, 11 Conn. App. 584,529 A.2d 199 (1987).
According the words their common and ordinary meaning, without enlargement by innuendo, the court finds as a matter of law that the statements made in the letter do not constitute libel per se. Contrary to the plaintiffs' claim, nowhere does the letter state, implicitly or explicitly, that the plaintiffs are responsible for contaminating the fuel. Likewise, nowhere does the letter allege any wrongful act, unprofessional or incompetent conduct or illegal activity by either plaintiff. In short, the statements do not charge improper conduct or lack of skill or integrity in the plaintiffs' profession or business. See CharlesParker Co. v. Silver City Crystal Co., supra, 142 Conn. 612. Therefore, I conclude as a matter of law, that the statements do not constitute libel per se, and Shanley's motion for summary judgment as to counts two and three is granted.
Teller, J. CT Page 12724