[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 127)
This controversy arises from defendant's motion for summary judgment (docket entry number 127) directed against plaintiff's counterclaim for vexatious litigation.[1] The plaintiff, Pedro Delgado, filed a ten-count complaint following his termination of employment by the defendant, Achieve Global, F/K/A Learning International, Inc. In the revised complaint filed on June 23, 1999, the plaintiff alleges, interalia, that the defendant removed him from his position as a project manager, gave him a negative performance rating, denied him a merit and/or other pay increase and terminated him on the basis of his race, age and sexual orientation in violation of the Connecticut Fair Employment Practices Act, General Statutes § 46a-51 et seq. The plaintiff further alleges that the defendant terminated him in retaliation for his previous complaints of discrimination. The plaintiff also alleges CT Page 13923 common law claims for breach of contract, breach of an implied covenant of good faith and fair dealing, promissory estoppel, negligent and intentional infliction of emotional distress and negligent misrepresentation.
Previously, on October 23, 1996, the plaintiff commenced a similar action in the Superior Court (Docket No. 337527) under federal and state law, which action was removed upon the defendant's motion to United States District Court, District of Connecticut (Docket No. 3:96CV2364 (AHN)). The federal court granted the defendant's summary judgment motion as to the plaintiff's federal discrimination law claims, however, that court refrained from exercising pendant jurisdiction over the plaintiff's remaining state law claims. The plaintiff then commenced the present action.
On November 2, 1999, the defendant filed an amended answer and counterclaim, in which it alleges a cause of action against the plaintiff for vexatious litigation pursuant to General Statutes § 52-568.[2]
The defendant's counterclaim is premised on the discrimination claims the plaintiff made in the previous suit. On December 30, 1999, the plaintiff moved for summary judgment on the defendant's counterclaim on the grounds of collateral estoppel, res judicata and that the counterclaim is unavailing on the merits.[3] The plaintiff filed a memorandum in support of his motion for summary judgment. The defendant filed a memorandum in opposition thereto.
In the counterclaim, the defendant alleges that in the previous lawsuit, the plaintiff asserted his claims of age and race discrimination without probable cause and with a malicious intent to vex and trouble the defendant, and that the previous lawsuit was resolved in its favor. The plaintiff argues that he is entitled to summary judgment on the defendant's counterclaim on the grounds of collateral estoppel and res judicata, and because the evidence establishes that he brought the previous action in good faith and there is no evidence that he was motivated by malice. The plaintiff also asserts that because the defendant failed to seek attorney's fees and costs in the previous action, the doctrine of res judicata precludes it from recovering those expenses in a vexatious litigation claim.
To begin, the plaintiff's arguments that the defendant's counterclaim is barred by collateral estoppel and res judicata are without merit. Claim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits. Dowling v. Finley Associates, Inc.,248 Conn. 364, 373, 727 A.2d 1245 (1999). The defendant did not bring a vexatious litigation suit in the previous action. Indeed, he could not have done so because a defendant may not successfully bring a CT Page 13924 counterclaim for vexatious litigation in the very suit which the defendant claims to be vexatious because the defendant must be able to show that he was victorious in the underlying action. Bodek v.Productivity, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 339298 (July 2, 1998, Melville, J.) (22 Conn.L.Rptr. 333).
Issue preclusion (collateral estoppel) arises when an issue is actually litigated and determined by a valid and final judgment, and that determination is essential to the judgment. Stratford v. InternationalAssn. of Firefighters, AFL-CIO, Local 998, 248 Conn. 108, 116-17,728 A.2d 1063 (1999). The issue of whether the plaintiff had a reasonable, good faith belief to bring his discrimination claims was not litigated or determined in the previous lawsuit. The federal district court stated that the plaintiff believed himself to be a victim of discrimination, but that no jury could find that belief to be reasonable. The court did not discuss the question of whether the plaintiff had probable cause to bring the suit itself. Therefore, the defendant's counterclaim is not barred by collateral estoppel.
Further, the plaintiff's argument that the defendant cannot seek attorney's fees and costs because it could have done so in the previous action misconstrues the damages the defendant is seeking in the counterclaim. In paragraph thirty of the counterclaim, the defendant alleges in pertinent part:
 "Achieve Global has been damaged . . . and incurred substantial attorney's fees and costs. . . ."
The defendant does not allege that it has been damaged by incurring
attorney's fees and costs, but alleges that it has incurred both damage and attorney's fees.
In DiNapoli v. Cooke, 43 Conn. App. 419, 427-28, 682 A.2d 603, cert. denied, 239 Conn. 951, 686 A.2d 124 (1996), cert. denied, 520 U.S. 1213,117 S.Ct. 1699, 137 L.Ed.2d 825 (1997), the court held that:
 "Although the words, `damage' [and] `damages' . . . are sometimes referred to loosely as synonymous, there is a material distinction between them. . . . [D]amage is the loss, hurt, or harm which results from [an] injury; and damages are the recompense or compensation awarded for the [damage] suffered."
Thus, the plaintiff's argument that the defendant's counterclaim is barred by res judicata is without merit. CT Page 13925
The plaintiff next claims that he had probable cause to bring the previous lawsuit, and, therefore, he is entitled to summary judgment on the counterclaim as a matter of law. However, this claim involves a question of fact for the jury. A vexatious suit is a type of malicious prosecution action, differing principally in that it is based upon a prior civil action. Ancona v. Manafort Bros., Inc., 56 Conn. App. 701, 708,746 A.2d 184, cert. denied, 252 Conn. 954, 749 A.2d 1202 (2000). To establish this cause of action, it is necessary to prove want of probable cause, malice and a termination of suit in the plaintiff's favor. Id. Probable cause is the knowledge of facts sufficient to justify a reasonable person in the belief that there are reasonable grounds for prosecuting an action. Id. Malice may be inferred from the lack of probable cause, Id., and the existence of probable cause is an absolute protection. Whether the facts are sufficient to establish the lack of probable cause is a question ultimately to be determined by the court, but when the facts themselves are disputed, the court may submit the issue of probable cause in the first instance to a jury as a mixed question of fact and law. DeLaurentis v. New Haven, 220 Conn. 225, 252-53, 597 A.2d 807
(1991).
The plaintiff submitted an affidavit, along with numerous correspondence between himself and the defendant, which established that as early as April, 1995, and continuing through his termination, the plaintiff believed that the defendant was discriminating against him. However, for the purposes of a vexatious suit action, the legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. DeLaurentis, supra, 256. Probable cause is the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of. Id. Thus, in the context of a vexatious suit action, the defendant lacks probable cause if he lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted. Id., 256.
In the present case, there is a dispute as whether the plaintiff's beliefs were reasonable, and reasonableness is a question of fact for the jury. See Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559,580, 657 A.2d 212 (1995) (stating that, "[w]e have consistently held that reasonableness is a question of fact for the trier to determine on all of the circumstances."). Accordingly, the plaintiff's motion for summary judgment is denied.
Based on the foregoing, the court DENIES the plaintiff's motion for CT Page 13926 summary judgment on the defendant's counterclaim.
MELVILLE, J.