[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On September 18, 2000, the plaintiff filed its motion for summary judgment in the above captioned matter. The defendant objected. On October 19, 2000, the defendant filed its own motion for summary judgment related to the defendant's counterclaim. The plaintiff objected. Both motions were heard by the court on November 13, 2000. Memoranda of law were filed by both parties as required. The plaintiff seeks judgment against the defendant for services rendered on a certain contract dated December 21, 1995 ("Contract"). The defendant in its counterclaim raises issues as to the legality of the Contract and seeks summary judgment as to its counterclaim.
For the reasons set forth below, the court denies both motions.
STANDARD OF REVIEW:
CT Page 14269
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751 (1995). Summary judgment should be rendered if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. (Citations omitted; internal quotation marks omitted.) Dowling,Sr. v. Finley Associates, Inc., 248 Conn. 364, 369-70 (1999). "A genuine issue has been variously described as a triable, substantial or real issue of fact. . . . A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Citations omitted; internal quotation marks omitted.) United Oil Co.,Inc. v. Urban Redevelopment Commission, 158 Conn. 364, 378-79 (1969).
"In ruling on a motion for summary judgment, the court's function is
not to decide issues of material fact, but rather to determine whetherany such issues exist." (Emphasis added.) Nolan v. Borkowski,206 Conn. 495, 500 (1988).
DISCUSSION:
The position of the plaintiff in his briefs and affidavits is essentially that he acted as a consultant to the defendant and did not act as a lobbyist for or on behalf of the defendant. The defendant argues in its briefs that the issue regarding the legality of the contract, and therefore, its obligations to perform under the Contract are determined by the status of the plaintiff, i.e. was the plaintiff acting as a consultant or as a lobbyist.
The question of the status of the plaintiff as consultant or lobbyist presents a genuine issue of material fact to be resolved by the trier of fact. This question of material fact applies to both the plaintiffs motion and the defendant's motion. At this state of the pleadings, a motion for summary judgment does not lie.
For the foregoing reasons, the motions for summary judgment, both plaintiffs and defendant's, are denied.
Cremins, J.