[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant, Janet J. Sundberg, has moved for summary judgment as to the second count of the amended complaint. The second count is entitled CT Page 11663 "Second Count: Breach of Contract (as to the defendant, Janet J. Sundberg a/k/a Janet J. Bouchard only)". Paragraph 12 of the second count claims that Sundberg's conduct "constitutes a breach of contract and has caused the plaintiff, Donald F. Bouchard, to incur substantial and irreparable emotional distress and money damages." From the pleadings themselves, the plaintiffs brief in opposition to the defendant's motion for summary judgment, the plaintiff's supplemental brief, and the statements of the plaintiffs legal counsel at the time of oral argument on July 16, 2001, it appears that the second count to the amended complaint is a tort claim masquerading as a breach of contract action. Bouchard has made it clear that his claim for money damages is based entirely upon the injurious emotional distress that he suffered as a consequence of the breach of contract. As to the alleged breach of contract itself, he seeks neither specific performance nor money damages in lieu of the performance of the contract.
The parties were married to each other in March, 1978. Four children were issue of the marriage. At the time the parties were divorced on June 26, 1995, the four children were ages sixteen, fourteen, thirteen, and eleven. The parties were awarded joint legal custody, principal place of residence with Sundberg. Today, those children are ages twenty-two, twenty, nineteen, and seventeen. The youngest child, Peter, will be 18 years of age on December 21, 2001.
On the date their marriage was dissolved at the New Britain Superior Court, Bouchard and Sundberg executed a separation agreement. The terms of the separation agreement were adopted by the court as orders in the decree dissolving the marriage. Thus, both the separation agreement and the June 26, 1995 court orders dealt identically with Bouchard's visitation with the children.
The children had been alienated from their father for several years prior to June 26, 1995. The separation agreement dealt with that alienation by imposing a precondition to the inauguration of a visitation schedule. In its relevant parts the separation agreement is worded as follows:
 [3.]c. As a precondition to such visitation there shall be mandatory therapy and counselling [sic] involving the minor children and the parents by a therapist recommended by Dr. Black and subject to further order of the Court in the event of disagreement. . . . The purpose of the mandatory therapy and counselling [sic] is to re-establish the relationship between Husband and the children so the above described visitation may occur. CT Page 11664
The second count of Bouchard's amended complaint arises because of his allegation that Sundberg breached the terms of paragraph 3.c. of the separation agreement by thwarting the occurrence of the mandatory counseling in sundry ways. Implicit in the claim, although not specifically alleged, is that Sundberg's refusal to participate in counseling and her refusal to require the children to participate in counseling prevented Bouchard from re-establishing his relationship with his children. The tort allegation is that Bouchard's inability to re-establish a relationship with his children caused him substantial and irreparable emotional distress, which can be quantified in money damages.
Subsequent to June 26, 1995, Bouchard tried, on more than one occasion, to enforce the mandatory counseling terms of the divorce decree. The order and the separation agreement contemplated "further order of the Court" in the event of disagreement concerning the interpretation or enforcement of paragraph 3.c. On at least two occasions Bouchard sought such a further court order, but he failed to attain such an order. His applications to the New Britain Superior Court for relief resulted in decision after full hearings by Judge Bishop on September 4, 1997, and by Judge Brennan on January 26, 1999. Upon hearing Bouchard's motion for contempt, Judge Bishop did not make a finding of contempt, but did specify dates and ground rules for counseling in the fall of 1997. Upon hearing Bouchard's motion to compel, Judge Brennan ruled on January 26, 1999, that "it is best to deny [Bouchard's] motion to compel, as . . . the best interest of the children would not otherwise be served." (January 26, 1999 Transcript, p. 102.)
Sundberg's motion for summary judgment invokes res judicata, collateral estoppel, lack of jurisdiction, and public policy considerations as grounds for the imposition of summary judgment. "Res judicata, or claim preclusion, is . . . distinguishable from collateral estoppel, or issue preclusion. Under the doctrine of res judicata, a final judgment, when rendered on the merits, is an absolute bar to a subsequent action, between the same parties or those in privity with them, upon the same claim. . . ." In contrast, collateral estoppel precludes a party from relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them upon a different claim (Citations omitted.) Dowling, Sr. v. FinleyAssociates, Inc., 248 Conn. 364, 373-374, 727 A.2d 1245 (1999); Weiss v.Statewide Grievance Committee, 227 Conn. 802, 818, 633 A.2d 282 (1993).
Bouchard brought his motion for contempt and his later motion to compel in the context of the June 26. 1995 divorce judgment in Bouchard v.Bouchard, Docket No. FA9 1-0502794 S, in the judicial district of CT Page 11665 Hartford-New Britain at Hartford, in order to enforce court orders in that case. The second count of the amended complaint in this matter is not an attempt to enforce the provisions of paragraph 3.c. of the judgment, but rather is based upon the failure of Sundberg to comply with identical language in the underlying separation agreement of June 26, 1995. This is a separate claim. See Lasprogato v. Lasprogato,127 Conn. 510, 18 A.2d 353 (1941). The Connecticut Supreme Court has expressly recognized a cause of action lying in tort brought by a plaintiff against a former spouse. See Delahunty v. Massachusetts MutualLife Ins. Co., 236 Conn. 582, 674 A.2d 1290 (1996). Res judicata does not apply to the current tort claim.
Collateral estoppel does apply. "To assert successfully the doctrine of issue preclusion . . . a party must establish that the issue sought to be foreclosed actually was litigated and determined in the prior action between the parties or their privies, and that the determination was essential to the decision in the prior case." Delahunty v. MassachusettsMutual Life Ins. Co., supra, 236 Conn. 600-601. The January 26, 1999 ruling of Judge Brennan explicitly relieved Sundberg of the obligation to comply with paragraph 3.c. of the divorce judgment in the best interests of the children up to that date. The parties before Judge Brennan were the same as in this action. The question of whether Sundberg had a duty to comply with the terms of the paragraph 3.c. requirements was the same as in this action. The issue of that duty to comply was fully litigated and determined on January 26, 1999.
The ruling of Judge Brennan relieved Sundberg of any duty she might have owed to Bouchard to comply with the terms of paragraph 3.c. up to the January 26, 1999 date. Since Sundberg did not owe a duty to Bouchard to comply with the relevant terms of the contract, a claim of negligence based upon that contract must fail. Liability for consequential damages is determined through consideration of whether the tortfeasor owes a legal duty to the claimant. See Mendillo v. Board of Education,246 Conn. 456, 483, 717 A.2d 1177 (1998). "The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. . . ." (Citation omitted; internal quotation marks omitted.) RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994).
It might be argued by Bouchard that even if the underlying obligation to comply with paragraph 3.c, of the separation agreement was excused by Judge Brennan up to January 26, 1999, by dint of collateral estoppel, nevertheless the contractual obligation to comply continued anew after Judge Brennan's decision. Therefore, Bouchard could still claim the duty was owed by Sundberg after January 26, 1999, and could limit his tort CT Page 11666 claim to the post-January 26, 1999 period of time. The fact that Bouchard has tried on previous occasions to obtain a further order of the court to enforce the divorce judgment does not obviate a further such attempt. Accordingly, this court invited the parties to submit briefs on the question of whether a preliminary court ruling is needed on the enforceability of the contract for the period subsequent to January 26, 1999.
Breach of the contract is the foundation upon which the tort claim stands or falls. Without a breach of the contract, there will be no negligence. Should we require then that Bouchard first seek a further order of the court for the period of time after January 26, 1999? A reading of Bouchard's brief in opposition to the motion for summary judgment resolves the question without the need for further briefs. Bouchard himself concedes at page 6 of his brief that the contract was not capable of enforcement at any time since Judge Brennan's ruling: "The plaintiff here . . . does not seek mandatory counselling [sic] nor can he; that issue was decided by Judge Brennan on January 26, 1999."
The threshold issue in this motion for summary judgment is whether Sundberg had a duty to comply with the terms of paragraph 3.c. of the separation agreement. By the terms of Judge Brennan's decision of January 26, 1999, Sundberg did not have a duty to comply. Judge Brennan's ruling is conclusive upon the issue of duty in this subsequent action even though the cause of action herein is a different one from the divorce proceeding itself.
Because this court finds that collateral estoppel does bar Bouchard from proceeding on the second count of this complaint, issues of jurisdiction and public policy are not addressed in this memorandum. Judgment is hereby entered for the defendant on the second count of the amended complaint.
Winslow, J.