[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION — MOTION FOR SUMMARY JUDGMENT #109.00 AND MOTION FOR SANCTIONS #114.00
The plaintiff, Matthew Lefevre, was appointed successor conservator of the estate of Edward J. Navitsky on October 15, 1998. On or about August 28, 1997, Navitsky conveyed his residence in East Hartford, Connecticut to Ann N. Torres (defendant) by quit claim deed. At approximately the same time, Navitsky executed a power of attorney appointing the defendant CT Page 5653 as his attorney-in-fact. As the result of the above transactions, the defendant allegedly took possession of Navitsky's residence, personal property and certain of his funds. The plaintiff alleges that both the property conveyance and the execution of the power of attorney were the result of the defendant's undue influence and further alleges that the defendant's possession of Navitsky's property, both real and personal, constitutes theft.
The defendant filed an answer as well as two counterclaims in response to the complaint. The counterclaims allege that the plaintiff removed and converted the defendant's personal property and that such actions constituted theft of her personal property in December of 1997. The plaintiff moves for summary judgment on both counterclaims and submitted his own affidavit in support of the motion.
DISCUSSION
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000); Practice Book § 17-49. A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "[A]ny party may move for summary judgment upon any counterclaim . . . as if it were an independent action." Practice Book § 17-44.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995). "[A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." Id., 752. "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Id., 751-52.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Dowlingv. Finley Associates, Inc., 248 Conn. 364, 370, 727 A.2d 1245 (1999). Because the party moving for summary judgment bears the burden of proving an absence of a genuine issue of material fact, the nonmovant "is given the benefit of all favorable inferences that can be drawn." Catz v.Rubenstein, 201 Conn. 39, 49, 513 A.2d 98 (1986).
When the moving party submits its own affidavit in support of a motion CT Page 5654 for summary judgment, "[i]t is especially appropriate to hold [that] . . . affidavit . . . to a stringent standard." Evans Products v. ClintonBuilding Supply, Inc., 174 Conn. 512, 516, 391 A.2d 157 (1978). The court may consider an affiant's interest in the outcome of the litigation "in considering the credibility of and ascribing weight to . . . affidavits." (Internal quotation marks omitted.) Rosenblit v. Danaher, 206 Conn. 125,136, 537 A.2d 145 (1988).
Here, the sole evidence proffered in support of the plaintiff's motion is a single affidavit where the plaintiff and the affiant are the same person. While the non-moving party has not adduced any evidence to refute the statements in the plaintiff's affidavit, a single affidavit that may be construed as self-serving is a "slender [reed] on which to anchor a summary judgment." Graner v. Trek Bicycle Corp., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 396854 (June 29, 1993, Wagner, J.).[1]
Accordingly, the plaintiff's motion for summary judgment as to the defendant's first and second counterclaims is denied.
The court also considers the plaintiff's motion for sanctions. While the court recognizes that there was some confusion on the part of defendant's counsel as to the movant attorney's correct office address, based on the documentary evidence submitted as well as the testimony rendered at oral argument, no remedial action is necessary at this time. See DeMartino v. Monroe Little League, Inc., 192 Conn. 271, 279,471 A.2d 638 (1984) ("civil contempt proceedings are not punitive . . . but are `purely remedial'") Accordingly, the plaintiff's motion for sanctions is denied.
Agati, J.